# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

KOSAL CHEA,

               Petitioner,

    v.

TODD BLANCHE, *et al.*,

               Respondents.

Case No. 2:26-cv-00635-RFB-NJK

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Kosal Chea's First Amended Petition (ECF No. 9). Through his petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the foregoing reasons, the Court grants Mr. Chea's Petition, ordering his immediate release.

## I.    JURISDICTION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citations omitted), superseded by statute on other grounds as stated in Nasrallah v. Barr, 590 U.S. 573, 580 (2020). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025) (clarifying that an immigration detainee's challenge to their confinement, and removal, falls "within the 'core' of the writ of habeas corpus") (per curiam) (citations and quotation marks omitted); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . ."); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

Respondents incorporate by reference their prior argument that the jurisdiction-stripping provisions of the INA set forth in 8 U.S.C. § 1252 bar this Court from entertaining the Petition. See Federal Respondents' Response to Fist Am. Pet. [hereinafter, "Opposition"], Ex. D at 22–26, ECF No. 14-4 (Federal Respondents' Return in Jacobo Ramirez v. Mullin, Case No. 2:25-cv-02136-RFB-MDC, ECF No. 39 (D. Nev. Dec. 3, 2025)). However, as this Court has held repeatedly, those arguments are in error and misplaced; the Court incorporates its prior findings and reasoning on this issue by reference herein. See Escobar Salgado v. Mattos, 809 F. Supp. 3d 1123, 1141–1143 (D. Nev. 2025). The Court thus retains jurisdiction to consider this matter pursuant to its habeas authority under 28 U.S.C. § 2241.

## II.    STATUTORY SCHEME

By way of background, the INA provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Specifically, four statutes empower the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). A non-citizen's place within this web of statutes is significant as it "can affect whether [their] detention is mandatory or discretionary, as well as the kind of review process available to [them] if [they] wish[ ] to" challenge their detention. See id. (citation omitted). In the instant case, Respondents exclusively invoke § 1225(b)(2) to justify Petitioner's detention and support their claim that his detention is

mandatory in nature. See generally Opposition. As such, § 1225(b)(2) is the only provision of the INA relevant to this case.[1]

### A.  Section 1225(b)(2)

The INA imposes mandatory detention of certain noncitizens *seeking to enter the country* under 8 U.S.C. § 1225. See Jennings v. Rodriguez, 583 U.S. 281, 287 (2018). While "§ 1226 applies to aliens already present in the United States," the INA "authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." Id. at 303 (emphasis added). While Section § 1226's detention scheme[2] serves as the "default rule" governing the "process of arresting and detaining . . . [noncitizens] already in the country pending the outcome of removal proceedings," § 1225(b) has been characterized by the Ninth Circuit as "supplement[ing] § 1226's detention scheme." Id. at 288; Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022).

Under § 1225, a noncitizen "who *has not been admitted* or who arrives in the United States" is considered "an applicant for admission." 8 U.S.C. § 1225(a)(1) (emphasis added). For certain "applicants for admission," § 1225 authorizes "expedited removal." § 1225(b)(1). Specifically, "Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation," as well as "certain other aliens designated by the Attorney General." Jennings, 583 U.S. at 287 (citing §§ 1225(b)(1)(A)(i), (iii)). Individuals that fall into § 1225(b)(1) are "normally ordered removed 'without further hearing or review' pursuant to an expedited removal process" unless claiming asylum or a fear of persecution. Id. (first quoting § 1225(b)(1)(A)(i), then citing § 1225(b)(1)(A)(ii)).

"All other applicants for admission are covered by § 1225(b)(2), which 'serves as a catchall provision,' and which mandates detention 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted.'" Id. (first

---

[1] Because the Court grants Petitioner's requested relief on this basis, and Respondents do not provide any other authority for Petitioner's detention beyond § 1225(b)(2), the Court need not reach Petitioner's arguments concerning § 1226(c) and the Laken Riley Act.

[2] The Court incorporates by reference its prior orders setting forth the legal background for 8 U.S.C. § 1226 herein. See Jacobo-Ramirez v. Mullin, Case No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *5–7 (D. Nev. Mar. 30, 2026).

citing Jennings, 583 U.S. at 287, then quoting U.S.C. § 1225(b)(2)(A)). Thus, noncitizens subject to § 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their standard removal proceedings under § 1229a are pending.

### III.  DISCUSSION[3]

#### A.  Applicability of Section 1225(b)(2)

The Court now considers whether Petitioner is subject to mandatory detention pursuant to § 1225(b)(2), as Respondents invoke their novel statutory interpretation of § 1225(b)(2)(A) to justify Petitioner's detention. See generally Opposition, ECF No. 14. This Court is well acquainted with Respondents' interpretation of the INA, as the Court has repeatedly rejected it as unlawful. See, e.g., Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *34–35 (D. Nev. Mar. 30, 2026) (collecting cases). However, Respondents' interpretation is doubly incorrect in the instant case, because even Respondents' own interpretation of § 1225(b)(2)(A) cannot justify the detention of a Lawful Permanent Resident in possession of a valid Green Card.

Federal Respondents' position, as set forth in their Opposition, is that "Petitioner entered the U.S. without inspection and is an applicant for admission who is lawfully mandatorily detained under § 1225(b)(2)(A)." Opposition at 5. However, Federal Respondents state in another section of their Return that Petitioner has lawful status as a Lawful Permanent Resident and supply the Court with exhibits clearly indicating that Petitioner did not enter the United States without inspection, but rather, he was admitted to this country over forty years ago. See Opposition, Ex. B, ECF No. 14-2 (Notice to Appear) (DHS has checked the box "You have been admitted to the United States, but are removable for the reasons stated below[,]" and included text detailing Petitioner's admission to the United States as a minor in 1984); see also Opposition at 2 ("Petitioner is a Lawful Permanent Resident"); Pet's. Reply to First Am. Pet 2, ECF No. 15 [hereinafter, "Traverse"] ("Mr. Chea is a lawful Permanent Resident . . . . At the time of his arrest,

---

[3] The Court's determinations are predicated upon the Parties' factual allegations and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings).

Mr. Chea possessed a valid Green Card that was not set to expire until 2034 or 2035.").

Put simply, Mr. Chea cannot be simultaneously "seeking admission" and "admitted" to the country. Supreme Court precedent confirms that an individual who has been admitted is not treated as an applicant for admission under the INA. See Jennings, 583 U.S. at 287 (describing the scope of § 1225(b)). Because Respondents' own exhibits and statement of the facts show that Mr. Chea is lawfully present in the U.S., the Court rejects Respondents' conflicting argument that he is somehow simultaneously permitted to be detained as an applicant for admission. Thus, the Court finds Petitioner's detention categorically cannot be sustained under § 1225(b)(2), because he is not an "applicant for admission," and his detention therefore cannot be sustained under the provision's authority.

### B.  Scope of Relief

Based on the record before it, the Court finds that Petitioner is subject to erroneous, prolonged detention. Petitioner requests relief in the form of immediate release to remedy this. Because Respondents have failed to identify *any* lawful authority that permits Petitioner's continued detention, the Court finds immediate relief is the appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus). However, because of Petitioner's undisputed, serious criminal charges, the Court will permit ICE to impose an Order of Supervision with reasonable conditions upon Petitioner's release.

### IV.   CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Amended Petition (ECF No. 9) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **July 17, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner is released on his own recognizance subject to reasonable conditions that may be set by ICE in an Order of Supervision. Petitioner is also still

subject to, and must comply with, the release conditions set forth in his state case.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property—including personal identification and/or employment authorization documents—upon his release.

**IT IS FURTHER ORDERED** Respondents are permanently **ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **July 20, 2026**, which confirms Respondents' compliance with this Order. The joint status report should: (i.) include the date and time of Petitioner's release; (ii.) confirm that Petitioner was released on his own recognizance and the conditions set by ICE in any Order of Supervision; and (iii.) confirm that Respondents returned Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** July 16, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**